UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DELMY JAQUEZ and JENISE RAMIREZ                **COMPLAINT**
                                                                          **JURY TRIAL DEMANDED**

                        Plaintiffs,

        -against-

POLICE OFFICER SEBASTIAN HERNANDEZ SHIELD # 2002,
POLICE OFFICER CLARENCE BROWN SHIELD # 19647,
POLICE OFFICER KRISHNA GHALE SHIELD #2381
and UNIDENTIFIED POLICE OFFICERS FROM THE 46th Precinct.
------------------------------------------------------------------------X

      Plaintiffs DELMY JAQUEZ and JENISE RAMIREZ, by their attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

1. This civil rights action arises from the violation of the plaintiffs' constitutional rights by the defendants, who violated plaintiffs Fourth Amendment rights via the use of excessive, unreasonable and unnecessary force; and via the false arrest and malicious prosecution of Delmy Jaquez.

2. The defendants at all times relevant were New York City police officers and state actors acting under color of state law.

### JURISDICTION AND VENUE

3. Jurisdiction is founded upon the existence of a Federal Question.

4. This action arises under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

5. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 &

4).

6. Pursuant to 28 U.S.C. §1391(a) (1) & (b) (2), venue is proper in the Southern District of New York because events forming the basis of this Complaint occurred in this District.

7. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

8. At all times relevant, plaintiffs Jenise Ramirez and Delmy Jaquez were residents of the City and State of New York.

9. At all times relevant, police officer Sebastian Hernandez Shield # 2002, police officer Clarence Brown Shield # 19647, police officer Krishna Ghale Shield #2381 and Unidentified police officers from the 46th Precinct were all assigned to the NYPD's 46th precinct in the Bronx, and at all times relevant they were acting as state actors acting under color of law.

10. The defendants are sued in their capacity as individuals.

11. This action is commenced within three years of when plaintiffs' causes of action arose.

## STATEMENT OF FACTS

**DELMY JAQUEZ**

12. On July 4, 2023 at approximately 8:20 pm Mr. Jaquez noticed that his friend was being arrested in the street in the Bronx.

13. Mr. Jaquez approached the car of the man being arrested, along with his cousin who is the wife of the man being arrested, and the officers were asked to allow them to drive the car of the arrested man away so it would not be ticketed.

14. Without provocation, Police Officer Clarence Brown hit Mr. Jaquez in the shoulder from behind with a gun.

15. Several defendant officers then took Mr. Jaquez roughly to the ground.

16. While he was on the ground and restrained by several officers, defendant Police Officer Sebastian Hernandez, punched Mr. Jaquez repeatedly in his back and caused him to incur injuries.

17. Mr. Jaquez was brought to the 46th pct for approximately 12 hours after which he was given a desk appearance ticket.

18. Defendant Hernandez falsely charged Mr. Jaquez with having violated Penal Law §240.20(6) disorderly conduct via failure to disperse, despite Mr. Jaquez never having being asked to disperse.

19. Mr. Jaquez was forced to appear in Court on July 25, 2023 and again on August 8, 2023 when the DAT was dismissed for failure to prosecute.

20. After the incident and his release from the 46th precinct, Mr. Jaquez went first to St. Barnabas Hospital in the Bronx for treatment for his injuries and then to the Columbia University Irving Medical Center for physical therapy.

21. Mr. Jaquez was diagnosed with and treated for contusions and abrasions of his right knee, forehead, and his back.

22. Mr. Jaquez went for physical therapy for about 3 weeks for his back and for his leg.

**JENISE RAMIREZ**

23. Jenise Ramirez, while her boyfriend Mr. Jaquez was being arrested and beaten, approached the location of where Mr. Jaquez was and was recording the officers actions.

24. Apparently annoyed with Ms. Ramirez, who was pregnant and showing, defendant police officer Krishna Ghale forcefully shoved Ms. Ramirez and she struck a fence and became injured.

25. Ms. Ramirez was brought by ambulance to St Barnabas where she was experiencing vaginal bleeding.

26. Ms. Ramirez went for weekly testing to monitor the bleeding for months until the bleeding stopped.

27. Ms. Ramirez suffered extreme emotional distress as to the health of her unborn child until she gave birth somewhat prematurely to a healthy baby girl.

28. Ms. Ramirez had not committed a crime and she was not arrested.

**FIRST CLAIM FOR RELIEF ON BEHALF OF BOTH PLAINTIFFS**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

30. Mr. Jaquez and Ms. Ramirez rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment via their being subjected to unnecessary, excessive and unreasonable force.

31. The defendants used force unnecessarily and maliciously without the need to use any force, much less the gratuitous force employed.

32. As a direct consequence of defendants' actions, plaintiffs were deprived of rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution, and more particularly, their right to be free from the use of excessive and unreasonable force.

33. The individual defendants' acts caused plaintiffs to sustain physical injuries, pain and suffering, emotional harms and they were otherwise harmed.

34. By reason of the aforesaid, the plaintiffs have been damaged and they are entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS (each) and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
DELMY JAQUEZ FOR FAILURE TO INTERVENE
IN VIOLATION OF THE FOURTH
AMENDMENT TO THE UNITED STATES CONSTITUTION**

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

36. Mr. Jaquez was subjected to the continued use of excessive and unnecessary force due to the defendant officers' failure in their affirmative duty to intervene after he was brought forcefully to the ground and then battered by officer Hernandez subsequent to his having been restrained.

37. The defendants had a reasonable opportunity to intervene to prevent the further beating of the plaintiff which was happening in their presence and they failed to do so.

38. The individual defendants' inaction caused plaintiff to sustain physical injuries and emotional harms.

39. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND)

DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF DELMY JAQUEZ
VIOLATION OF THE FOURTH
AMENDMENT TO THE UNITED STATES CONSTITUTION
<u>VIA FALSE ARREST</u>**

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

41. Mr. Jaquez' rights have been violated pursuant to the Fourth Amendment of the United States Constitution, due to his being falsely arrested by the defendants.

42. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

43. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

44. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Jaquez was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being placed in handcuffs in front of people who knew him, and he was otherwise harmed.

45. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND)

DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF DELMY JAQUEZ**
**VIOLATION OF THE FOURTH**
**AMENDMENT TO THE UNITED STATES CONSTITUTION**
**VIA MALICIOUS PROSECUTION**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

47. Mr. Jaquez' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment, due to his being maliciously prosecuted by the defendants.

48. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the charges terminated in Mr. Jaquez' favor via a dismissal.

49. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court two times, caused the plaintiff to endure the fear of going to jail, anxiety, he was defamed in his community, and he were was otherwise harmed.

50. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** plaintiffs respectfully request that judgment be entered as follows:

 (A) Declaratory relief finding that the plaintiffs' rights under the United

States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS (each) be awarded to the plaintiffs;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the defendants in an amount to be determined at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 15, 2024

/s/
Fred Lichtmacher
The Law Office of Fred Lichtmacher PC
159 West 25th Street Room 510
New York, New York 10001
(646) 318-3806
empirestatt@aol.com

To: Police Officer Sebastian Hernandez Shield # 2002,
Police Officer Clarence Brown Shield # 19647, and
Police Officer Krishna Ghale Shield #2381
2120 Ryer Avenue
Bronx, NY, 10457-2919